# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60472
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2019

Lyle W. Cayce
Clerk

NATALIA ANDREA GARRO CANO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 746 547

Before WIENER, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Petitioner Natalia Andrea Garro Cano is a native and citizen of Colombia who was adjudicated inadmissible in 2008 because she committed a crime involving moral turpitude (CIMT). In 2017, she filed an untimely motion to reopen her removal proceedings, claiming that her attorney did not investigate or pursue relief from removal. The BIA concluded that Garro Cano had not established the due diligence necessary for equitable tolling and denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60472

motion.    Garro Cano now petitions for review of the BIA's decision.  She also raises her substantive claims for relief from removal.

We review an immigration court's denial of a motion to reopen removal proceedings for abuse of discretion.  *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies."  *Id.* (internal quotation marks and citation omitted).  Equitable tolling is warranted only if the litigant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Id.* at 344 (internal quotation marks and citation omitted).

Garro Cano asserts that her counsel's failure to investigate and present a defense to the CIMT charge and inadmissibility determination constituted an extraordinary circumstance meriting equitable tolling of the limitations period.  However, she makes no attempt, other than a claim of ignorance of the error, to explain why she waited seven years to file her motion to reopen or what other efforts she took during that time to preserve her rights.  Therefore, Garro Cano has not met her burden to demonstrate that equitable tolling applies, and the BIA's conclusion that her motion to reopen was untimely was not an abuse of discretion.  *See id.* at 340, 344.

The petition for review is DENIED.